**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000400
16-JAN-2019
08:02 AM**

NO. CAAP-18-0000400

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


WILLIAM H. CARTER, individually and as Successor
Trustee of the Coolidge Carter and Mary Trenery Carter
Trust No. Three for William H. Carter,
established February 5, 1974, Plaintiff-Appellee,
v.
JOANNE K. SHIELDS, Defendant-Appellant,
and
ASSOCIATION OF APARTMENT OWNERS OF KONA MAKAI;
DOE DEFENDANTS 1-50, Defendants-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 16-1-287K)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Fujise and Hiraoka, JJ.)

Upon review of (1) Defendant-Appellant Joanne K.
Shields's ("Shields") appeal from numerous rulings by the Circuit
Court of the Third Circuit, and (2) the record, it appears we
lack appellate jurisdiction.

Shields purports to appeal from the following six sets
of rulings:

> (1)  an April 24, 2018 order denying Shields's
> February 27, 2018 motion to reconsider the
> February 16, 2018 order awarding attorneys' fees
> and costs;

(2)     an April 3, 2018 "minute order" that the circuit
        court did not file until June 26, 2018, announcing
        that the circuit court would enter an order
        denying Shields's February 27, 2018 motion to
        reconsider the February 16, 2018 order awarding
        attorneys' fees and costs, which, as a June 26,
        2018 order, essentially repeats the substance of
        the April 24, 2018 order;

(3)     the February 16, 2018 order awarding attorneys'
        fees and costs;

(4)     a January 31, 2018 "minute order" that the circuit
        court did not file until June 26, 2018, announcing
        the circuit court's intent to issue an order that
        would award attorneys' fees to Carter in the
        amount of $12,266.07 and costs in the amount of
        $2,367.07, which, as a June 26, 2018 order, simply
        repeats the substance of the February 16, 2018
        order awarding attorneys' fees and costs;

(5)     a September 28, 2017 default judgment in favor or
        Carter and against Shields; and

(6)     a September 28, 2017 order granting Carter's
        motion for a default judgment against Shields.

        With respect to the timeliness of a notice of appeal,
subsections (a)(1) and (a)(3) of Rule 4(a) of the Hawaiʻi Rules
of Appellate Procedure (HRAP) require a party to file a notice of
appeal within thirty days after the "entry" of the judgment or
order that triggers the appropriate thirty-day time period for
doing so.  Furthermore, "[a] judgment or order is entered when it
is filed in the office of the clerk of the court."  HRAP
Rule 4(a)(5).  Because some of the appealed orders merely repeat

2

prior orders, it is worth noting that repetitive orders do not restart the time period under HRAP Rule 4(a) for filing a notice of appeal. <u>Korsak v. Hawai'i Permanente Med. Grp.</u>, 94 Hawai'i 297, 304, 12 P.3d 1238, 1245 (2000).[1] Under HRAP Rule 4(a)(3), Shields's May 10, 2018 notice of appeal is timely only as to two of the appealed orders: (1) the April 24, 2018 order denying Shields's February 27, 2018 motion to reconsider the February 16, 2018 order awarding attorneys' fees and costs, and (2) the February 16, 2018 order awarding attorneys' fees and costs.

More importantly, however, none of the six appealed documents are appealable. Although the circuit court previously entered a September 28, 2017 default judgment in favor of Carter and against Shields, that judgment is not appealable under Hawaii Revised Statutes (HRS) § 641-1(a) (2016), which authorizes appeals to the Hawai'i Intermediate Court of Appeals from "<u>final</u> judgments, orders, or decrees[.]" HRS § 641-1(a) (emphasis added). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that

---

[1] The Supreme Court of Hawai'i has held that, when a trial court enters a judgment and an amended judgment,

> [t]he general rule is that where a judgment is amended in a material and substantial respect, the time within which an appeal from such determination may be taken begins to run from the date of the amendment, although where the amendment relates only to the correction of a clerical error, it does not affect the time allowed for appeal.

<u>Korsak v. Hawai'i Permanente Med. Grp.</u>, 94 Hawai'i 297, 304, 12 P.3d 1238, 1245 (2000) (citation, internal quotation marks and ellipsis points omitted).

> Moreover, if the amendment of a final judgment or decree for the purpose of correcting a clerical error either materially alters rights or obligations determined by the prior judgment or decree or creates a right of appeal where one did not exist before, the time for appeal should be measured from the entry of the amended judgment. If, however, the amendment has neither of these results, but instead makes changes in the prior judgment which have no adverse effect upon those rights or obligations or the parties' right to appeal, the entry of the amended judgment will not postpone the time within which an appeal must be taken from the original decree.

<u>Id.</u> (citation, internal quotation marks and brackets omitted).

3

"[e]very judgment shall be set forth on a separate document." HRCP Rule 58 (emphasis added). Thus "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). In order to prevent the appellate courts from having to search the voluminous record to determine how the circuit court disposed of each claim in a case involving multiple claims, the Supreme Court of Hawai'i has imposed a requirement that,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Id. (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4. In addition to being specific on its face, a judgment must also be final and "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id.

Although Carter's September 8, 2016 complaint asserts four separately enumerated causes of action against two separate defendants, i.e., (1) Shields and (2) Defendant-Appellee

4

Association of Apartment Owners of Kona Makai ("AOAO Kona Makai"), the September 28, 2017 default judgment does not, on its face, specifically identify the claim or claim among those four causes of action on which the circuit court intends to enter judgment against Shields. Furthermore, the September 28, 2017 default judgment:

> (a) neither adjudicates Carter's September 8, 2016 complaint as to AOAO Kona Makai, which is still pending before the circuit court,

> (b) nor certifies the circuit court's judgment as to one or more but fewer than all claims or parties for appeal pursuant to HRCP Rule 54(b).

Therefore, the September 28, 2017 default judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58, and the holding in Jenkins.

Granted, the Forgay doctrine could authorize an immediate appeal from an otherwise non-final judgment if the judgment "[(1)] require[s] immediate execution of a command that property be delivered to the appellant's adversary, and [(2)] the losing party would be subjected to irreparable injury if appellate review had to wait the final outcome of the litigation." Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (citations, internal quotation marks omitted; some brackets omitted, some brackets added). Nevertheless, the September 28, 2017 default judgment does not require immediate execution of a command that the subject real property in the underlying case be delivered to Shields's adversary, i.e., Carter. Furthermore, the circuit court has not entered any corresponding writ of possession requiring that Shields be removed from the subject real property, perhaps as a result of the circuit court's December 8, 2017 order conditionally granting Shields's October 20, 2017 motion to set aside the September 28,

5

2017 default judgment. In the absence of language requiring immediate execution of a command that the subject real property be delivered to Shields's adversary, i.e., Carter, Shields does not appear to be subjected to irreparable injury if appellate review is after the final outcome of the litigation. Therefore, the September 28, 2017 default judgment does not qualify as an appealable judgment under the Forgay doctrine.

Because the September 28, 2017 default judgment is not an appealable final judgment, all of the subsequent orders for which Shields seeks appellate review are, in effect, pre-judgment interlocutory orders that are not eligible for appellate review at this time. The interlocutory orders will be eligible for review by way of a timely appeal from a future appealable final judgment under the principle that "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v. Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted). In the absence of an appealable final judgment, we lack appellate jurisdiction over appellate court case number CAAP-18-0000400.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000400 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 16, 2019.

Chief Judge

Associate Judge

Associate Judge

6